# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| BOB MOORE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:15-cv-660-GMN-PAL |
| vs. | ) | |
| | ) | **ORDER** |
| UNITED STATES OF AMERICA, | ) | |
| DEPARTMENT OF THE INTERIOR, | ) | |
| BUREAU OF LAND MANAGEMENT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the Court is the Motion to Dismiss (ECF No. 8) filed by Defendant Bureau of Land Management (the "BLM"). Plaintiff Bob Moore, LLC ("Plaintiff") filed a Response to the Motion to Dismiss (ECF No. 11), Defendant filed a Reply (ECF No. 12), and Plaintiff filed a Sur-Reply (ECF No. 14).

## I.   BACKGROUND

This action arises from a mining claim known as "Anniversary Mines" allegedly owned by Plaintiff located in Clark County, Nevada. (Compl. ¶ 1, ECF No. 1). Plaintiff provides historic background regarding the mining claim prior to Plaintiff's ownership dating back to 1921, including a 1963 eminent domain lawsuit. (*Id.* ¶ 8–13); s*ee United States v. 9,947.71 Acres of Land*, 220 F.Supp. 328 (D. Nev. 1963) (holding that owners of valid mining claims, including Anniversary Mines, had a compensable property interest in a road constructed over public domain to provide access to claims, and as such, they were entitled to just compensation when it was taken through eminent domain). Plaintiff describes several roads that it currently uses to access Anniversary Mines and alleges that the "BLM is now refusing to allow [Plaintiff] use of Northshore Road and refuses to allow [Plaintiff] to maintain and improve Anniversary

Mine Road to access its mining claims." (*Id.* ¶ 14–18).  Plaintiff further alleges that the "BLM has directed [Plaintiff] to use the portion of West End that is still remaining that has not been used for mining traffic since 1963," although Plaintiff claims that "West End is not passable." (*Id.* ¶ 19).  Plaintiff explains that paving two miles of Anniversary Mine Road costs $300,000.00,[1] while making West End passable (including paving) would cost over $2,700,000.00. (*Id.* ¶ 20–21).  Plaintiff alleges that it has cooperated with the BLM "in every possible manner," but that the "BLM has been unreasonable in [not] allowing [Plaintiff] access to Anniversary Mines, for which an easement for access has been present across BLM property since 1921."

On April 10, 2015, Plaintiff filed its Complaint for Declaratory Relief in this Court under 28 U.S.C. §§ 2201, 2202 (the "Declaratory Judgment Act"). (ECF No. 1).  On June 26, 2015, Defendant filed the instant Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

## II.   LEGAL STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits motions to dismiss for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).  When subject matter jurisdiction is challenged, the burden of proof is placed on the party asserting that jurisdiction exists. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (holding that "[t]he party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists").  Accordingly, the court will presume lack of subject matter jurisdiction until the plaintiff proves otherwise in response to the motion to dismiss. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

---

[1] It is unclear whether Plaintiff has paid this amount already or would need to pay it (or both) because Plaintiff uses the past tense in describing the cost to pave the two miles of Anniversary Mine Road (Compl. ¶ 20), but also argues that the BLM is "preventing [Plaintiff] from improving the two mile road that connects Anniversary Mines to Northshore Road" (*id.* ¶ 27).

A motion to dismiss under Rule 12(b)(1) may be construed in one of two ways. *Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elec. Corp.,* 594 F.2d 730, 733 (9th Cir. 1979).  It may be described as 'facial,' meaning that it attacks the sufficiency of the allegations to support subject matter jurisdiction. *Id.*  Alternatively, it may be described as 'factual,' meaning that it "attack[s] the existence of subject matter jurisdiction in fact." *Id.*

When, as here, a court considers a 'facial' attack made pursuant to Rule 12(b)(1), it must consider the allegations of the complaint to be true and construe them in the light most favorable to the plaintiff. *Love v. United States,* 915 F.2d 1242, 1245 (9th Cir. 1989).

"Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court." *Frigard v. United States,* 862 F.2d 201, 204 (9th Cir. 1988) (per curiam).  However, where there is no way to cure the jurisdictional defect, dismissal with prejudice is proper. *See id.*

## III.   DISCUSSION

In its motion, Defendant argues that the Court lacks subject matter jurisdiction because the "Declaratory Judgement Act does not provide an independent basis for subject matter jurisdiction, and does not provide a waiver of the United States' sovereign immunity." (Mot. to Dismiss 1:21–26, ECF No. 8).  Plaintiff counters that the Court has subject matter jurisdiction under "the Fifth Amendment of the United States Constitution, Article III of the United States Constitution, 28 U.S.C. § 1331, and Declaration Judgment Act." (Pl. Resp. 9:10–12, ECF No. 11).[2]

 "It is elementary that the United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's

---

[2] Plaintiff urges the Court to construe its injury allegations as the "BLM's denial of [Plaintiff's] property rights in contradiction to [Plaintiff's] rights under the Fifth Amendment of the Constitution." (*Id.* at 10: 17–19).  After reviewing Plaintiff's complaint, however, the Court finds that Plaintiff failed to sufficiently plead a Fifth Amendment takings violation.

jurisdiction to entertain the suit.  A waiver of sovereign immunity cannot be implied but must be unequivocally expressed." *Tobar v. United States*, 639 F.3d 1191, 1195 (9th Cir. 2011) (quoting *United States v. Mitchell,* 445 U.S. 535, 538 (1980)).  The party asserting a claim against the United States bears "the burden of establishing that its action falls within an unequivocally expressed waiver of sovereign immunity by Congress." *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1088 (9th Cir. 2007).  Sovereign immunity is a defense properly raised under Federal Rule of Civil Procedure 12(b)(1). *Tobar*, 639 F.3d at 1194.

The Court finds that Plaintiff failed to sufficiently plead a waiver of sovereign immunity in its complaint.  The Declaratory Judgment Act does not waive sovereign immunity. *Burns Ranches, Inc. v. U.S. Dep't of Interior*, 851 F.Supp.2d 1267, 1270–72 (D. Or. 2011); *see also Brownell v. Ketcham Wire & Mfg.,* 211 F.2d 121, 128 (9th Cir. 1954) ("[T]he Declaratory Judgment Act . . . is not a consent of the United States to be sued, and merely grants an additional remedy in cases where jurisdiction already exists in the court.").  As such, Plaintiff must plead a separate waiver of sovereign immunity, which it has not done.[3]  Accordingly, the Court grants Defendant's Motion to Dismiss.

Federal Rule of Civil Procedure 15 instructs courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  Further, if a court finds lack of subject matter jurisdiction, then it should dismiss without prejudice "so that a plaintiff may reassert his claims in a competent court." *Frigard v. United States,* 862 F.2d 201, 204 (9th Cir. 1988) (per curiam).  Here, the Court will dismiss without prejudice with leave to amend; however, if Plaintiff amends its complaint to include a Fifth Amendment takings claim over $10,000, then the court of proper jurisdiction would not be this Court, but rather the United States Court of Federal Claims. *See* 28 U.S.C. §§ 1491(a)(1), 1346(a)(2); *see also McGuire v. United States*, 550 F.3d 903, 910–911 (9th Cir. 2008) ("Read together, [28 U.S.C. §§ 1491(a)(1), 1346(a)(2)]

---

[3] Plaintiff admits that "Defendant did not waive sovereign immunity" here. (Pl. Resp. 9:13–14).

provide for jurisdiction solely in the Court of Federal Claims for [claims under these statutes] seeking more than $10,000 in damages, and concurrent district court jurisdiction over claims seeking $10,000 or less."); *Richardson v. Morris*, 409 U.S. 464, 465–66 (1973) (referring to 28 U.S.C. § 1491(a)(1) as "authorizing only actions for money judgments and not suits for equitable relief against the United States.").

Plaintiff shall file its amended complaint by Friday, April 8, 2016.  Failure to file an amended complaint by this date shall result in the Court closing Plaintiff's case.

## IV.     CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (ECF No. 8) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall have until April 8, 2016, to file an amended complaint consistent with this Order.

**DATED** this __23__ day of March, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge